Petition of Ross: Bowker and another, Appellants, vs. Shields and others, Respondents.

*September 18—October 5, 1909.*

*Wills: Construction: Descent and distribution.*

1. If a parent leaves, by will, property to one of several children, with no disposition over in the event of the termination of that estate, and such child dies under age, not having been married, such property, though testate as regards the parent, is intestate as regards the child, and descends to the other children of the

testator, living at the death of the child, and to the issue of such as are dead, by right of representation, under subd. 5, sec. 2270, Stats. (1898).

2. A will giving to a person named "all the rest, residue, and remainder" of an estate, subject to certain bequests, does not dispose of a remainder over at the death of such person.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Proceedings for the construction of a will.

Albert Bowker died testate. His will was duly admitted to probate in the county court of Dane county, Wisconsin, May 5, 1891. He died seised of certain real estate and owner of certain personal property. After settlement of his estate there was left in the hands of the executrix for distribution $253.59. He willed all the residue of his estate, after payment of his debts and funeral expenses, to his son Albert Irwin Bowker, subject to some small bequests which have been paid. The estate was closed by a final order reciting that the deceased left surviving him six children, named, who were at the date of the order adults, and two children, *Claudia Gertrude,* aged eleven, and Albert Irwin, aged five years at such date, and his widow as his sole heirs, and decreeing as follows: The testamentary trustee is entitled to the $253.59 to be applied on the legacy of $500 to *Claudia* upon her attaining the age of eighteen years and on one to a son, *Ernest,* upon the son Albert Irwin arriving at the age of twenty-one years, provided that, in case the death of *Ernest* precedes Irwin attaining the age of twenty-one years, the former's legacy shall revert to Irwin, all as in said will provided; and in case of the death of *Claudia* under the age of eighteen years her legacy shall belong to such heirs at such age, as she would have had, had she reached that age, and the legacy to *Ernest* shall be payable to him if living at the time Albert, Jr., if living, would reach the age of twenty-one years, and if prior to such time *Ernest* shall die leaving issue of his body living at such time, his legacy shall be paid at such

time to such issue, otherwise, in case of the death of *Ernest* before such time leaving no issue, the legacy shall fall into the residuum of the estate and go to Albert or his heirs. Subject to the homestead and dower right of the widow and payment of the legacies the estate was decreed to Albert as residuary legatee as provided in the will.

After entry of the final order as aforesaid Albert Irwin died under the age of twenty-one years leaving as survivors his mother, *Mary,* brothers and sisters and issue of deceased brothers and sisters, children and grandchildren of Albert, Sr. Marion Ross, being trustee of the proceeds of a sale of the real estate for Albert Irwin and his mother, after the death of the former petitioned the county court for an order directing disposition thereof. Respondents, as heirs of Albert, Sr., claimed that the property which would belong to Albert Irwin, if living, belonged to them under sec. 2270, Stats. (1898) ; should go to the living children of Albert, Sr., and the issue of his deceased children by right of representation. The county court so held and on appeal to the circuit court the result was the same. Judgment was rendered accordingly.

For the appellants there was a brief by *Gilbert, Jackson & Ela,* and oral argument by *Emerson Ela.*

For the respondents there was a brief by *W. A. P. Morris,* and oral argument by *M. S. Dudgeon.*

MARSHALL, J. The question at issue on the appeal may be concisely stated thus: If a person having children dies testate leaving property by testamentary gift to one of them with no direction for disposition thereof in case of the termination of that estate by death or otherwise, and such child dies in infancy, and so, necessarily, intestate, he not having been married, does such property descend to the other children of such person, living at the death of the first taker and the children of such as are dead, by right of representation ?

That, as held by the learned trial court, is unmistakably ruled by subd. 5, sec. 2270, Stats. (1898), in these words:

"If any person shall die leaving several children or leaving one child and the issue of one or more other children, and any such surviving child shall die under age, not having been married, all the estate that came to the deceased child by inheritance or by testamentary gift from such deceased parent and all personal property which belongs to such deceased child by reason of distribution under subd. 6 of sec. 3935 shall descend and be distributed in equal shares to the other children of the same parent and to the issue of any such other children who shall have died, by right of representation."

The statute is so plain, that it would be a waste of words to indulge in discussion for the purpose of elucidating its meaning or pointing out its application to the facts of this case, as summarized in the proposition stated.

Counsel for appellant suggest that the statute is a law of descent, which does not apply here because the property in question was disposed of by the will of Albert Bowker. True, the statute is one regulating descent and so applies wholly to intestate property. But the property in question is clearly within the statute, since, though it is testate property as regards Albert Bowker, Sr., and came to Albert Irwin by testamentary gift, it is intestate property of the latter. By the terms of the law it includes property received by a child, subsequently dying in infancy, by inheritance or testamentary gift.

Counsel is plainly in error in the claim that the remainder over after the death of Albert Irwin was disposed of by the will of his father. He did not even will the property, as suggested, to Albert Irwin and his heirs. Had he done so the term "heirs" would be referable to the section under consideration. The will gave direction to the title only till it should vest in Albert Irwin, the words being: "I give and bequeath to my son Albert Irwin all the rest, residue, and remainder of my estate, both real and personal, subject," etc., specifying the

legacies which have been paid as indicated in the statement. That left direction of the title in the circumstances which occurred wholly as specified in the statute, as the circuit court decided.

*By the Court.*—Judgment affirmed.